

CJ-2021-5419
Kirkpatrick

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| (1) | JORDAESHA BURLESON, | ) |
| | | ) |
| | **Plaintiff,** | ) |
| | | ) |
| vs. | | ) Case No. CJ-2021-5419 |
| | | ) |
| (1) | CITY OF WARR ACRES, a municipal corporation and the WARR ACRES POLICE DEPARTMENT; | ) ) ) ) |
| (2) | COLT SMITH, individually | ) |
| | | ) |
| | | ) |
| | | ) |
| | **Defendants.** | ) |

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

DEC 2 0 2021

RICK WARREN
COURT CLERK
109 _____

### COMPLAINT

COMES NOW, Plaintiff Jordaesha Burleson (hereinafter "Plaintiff"), by and through her attorney of record, Roderick Hinton, and for her causes of actions against the above-named Defendants, alleges and states as follows:

### PARTIES-1 JURISDICTION & VENUE

1. The Plaintiff, Ms. Burleson, at all times relevant to the claims alleged herein, resided in Oklahoma County, State of Oklahoma.

2. Defendant City of Warr Acres is a municipality situated primarily in Oklahoma County, Oklahoma and Warr Acres Police Department is a department within the City of Warr Acres.

3. Defendant Colt Smith, was at all times relevant to the claims alleged herein, acting under the color of Oklahoma law and within the course and scope of their employment with the Warr Acres Police Department pursuant to the Oklahoma Governmental Tort Claims Act ("GTCA"), 51 O.S. §§ 151 *et seq* until each acted in their individual capacities.

**EXHIBIT 2**

4. On or about March 22, 2021, Plaintiff properly gave notice of a Tort Claim pursuant to 51 O.S. §§ 151 *et seq.*, to the City through its City Clerk's Office, and accordingly has complied with all pre-filing requirements set forth therein. Plaintiff's Tort Claim was denied on or about June 21, 2021. Plaintiff timely brought her claims within one hundred eighty (180) days of said denial.

5. The facts giving rise to the claims alleged herein occurred within Oklahoma County, State of Oklahoma.

6. Jurisdiction is proper in the State of Oklahoma, as the parties are residents of or do business in the State of Oklahoma and the amount in controversy exceeds $75,000.00.

7. Venue is proper in the Oklahoma County District Court pursuant to 12 O.S. § 133, which states that "an action against a public officer for an act done by him in virtue, or under color, of his office, or for neglect of his official duties" must be brought in the county where the cause, or part thereof arose.

## STATEMENT OF FACTS

8. Plaintiff incorporates by reference the paragraphs set forth above as though fully set forth herein.

9. On March 22, 2020, Plaintiff's son, Bryson Deloney suffered an epileptic episode at 6014 NW 53rd Ter. Warr Acres, OK 73122, and the family of the Plaintiff notified Warr Acres Dispatch of the need for medical assistance at the family residence.

10. Upon receiving the 911 call for medical help, the Warr Acres Fire Department was sent to the family residence at 6014 NW 53rd Ter. Warr Acres, OK 73122 to assist with the medical emergency.

11. Upon arriving to the residence, the Warr Acres Fire Department encountered the Plaintiff's son amidst an epileptic episode on the sidewalk outside of the house and began to provide medical assistance.

12. Along with the Warr Acres Fire Department, the Warr Acres Police Department also

showed up to the residence.

13. At no time had any call been made to the Warr Acres dispatch requesting the presence of the Warr Acres Police Department for any disturbances or threatening situations.

14. Defendant Smith arrived on the scene and encountered the Plaintiff's son during his epileptic episode, and the Plaintiff's family who were anxiously assessing the situation.

15. After arriving at the residence, Defendant Smith callously began to antagonize the family of the Bryson Deloney, more specifically the Plaintiff, who was extremely concerned for the wellbeing of her son.

16. Even though Defendant Smith was there for a medical emergency, Defendant Smith began to threaten Plaintiff that he would arrest her if she continued to talk back to him, as he didn't care for her attitude towards him.

17. Plaintiff, who was seeking to avoid confrontation with Defendant Smith, aware of her rights and the fact that she has committed no illegal acts turns to walk back in her house after the threats made by Defendant Smith.

18. Defendant Smith then barges into the Plaintiff's residence, and tackles the Plaintiff, knocking over a baby guard rail.

19. As the Plaintiff attempts to get up, Defendant Smith then punches the Plaintiff in the forehead causing a bloody gash and wrestles her to the ground.

20. Other members of the Warr Acres Police Department also barge into the Plaintiff's residence.

21. About this time, the Bryson Deloney began to come to from his epileptic episode and hears the Plaintiff, his mother crying for help.

22. Not aware of anything that has occurred, Plaintiff runs into the house and sees men assaulting his mother and tries to aid her.

3

23. Defendant Smith then punches the Bryson Deloney in the face and solar plexus and deploys his taser on the Bryson Deloney mere minutes after he had just suffered an epileptic episode.

24. After the deployment of the taser, Defendant Smith began to attack the Bryson Deloney again, and other officers of the Warr Acres Police Department began to assault the Mr. Deloney as well, hitting him all over the body with their fist and blunt object, doling out a serious beating.

25. All of this occurs while the Plaintiff lays handcuffed on the ground with blood running down her face as she pleads for the life of her son as she watches him be tased and beaten minutes after recovering from an epileptic episode.

26. Ironically neither the Plaintiff nor her son were placed under arrest at the conclusion of these tragic events and were both allowed to leave of their own free will to seek medical attention.

27. After the beatdown at the hands of Defendant Smith and other officers from the Warr Acres Police Department, Plaintiff was transported by her family to Integris Health where she received stitches for a head laceration caused by the punch of Defendant Smith, along with numerous contusions and scrapes.

28. Among other damages, Plaintiff will be seeking damages for her physical injuries, pain and suffering, emotional distress, damages to her reputation, damages for embarrassment and humiliation, and other economic and non-economic losses.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Assault and Battery- Against Defendant Smith)

29. Plaintiff alleges and incorporates by reference the paragraphs set forth above as though fully set forth herein.

4

30. The actions of Defendant Smith were intentional and designed to cause injury to the Plaintiff and did cause injury to the Plaintiff.

31. Similarly, the actions of Defendant Smith were intentional and designed to cause a harmful or offensive contact with the Plaintiff, or to create in the mind of Plaintiff an imminent apprehension of such harmful or offensive contact and, thereby, did put Plaintiff in such imminent apprehension harmful or offensive contact.

32. At the time of the complained of events, the Plaintiff, as a free person, had a clearly established right to be secure in her person and free from unreasonable seizure through objectively unreasonable excessive force to injure her and her bodily integrity.

33. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

34. In the totality of the circumstances, at the time that excessive force was used, the Plaintiff was unarmed and had been subdued by as many as four (4) officers, and thus, posed no immediate threat.

35. The use of force by the Defendant Smith under such circumstances was excessive and objectively unreasonable.

36. Defendant Smith seized the Plaintiff by means of objectively unreasonable, excessive physical force, thereby unreasonably restraining the Plaintiff of her freedom and causing her very serious and multiple bodily injuries, as well as mental pain and anguish.

37. As a direct and proximate cause of the tortious conduct of Defendant Smith, the Plaintiff suffered actual physical injuries, mental and physical pain and suffering and other damages and losses as described herein entitling the Plaintiff to recover compensatory and special damages, in amounts to be determined at trial.

38. When the Defendant Smith assaulted and battered the Plaintiff, he was acting within the scope of

his employment and the Defendant's acts "were incident to... service[s] being performed for their employer or arose out of emotional response to actions being taken for the employer." *Rodebush By & Through Rodebush v. Oklahoma Nursing Homes, Ltd.*, 1993 OK 160, 867 P.2d 1241, 1245. *See also, Bosh v. Cherokee Cnty. Bldg. Auth.*, 305 P.3d 994, 998-99 (Okla. 2013). Thus, in addition to Defendant Smith being liable to the Plaintiff for assaulting and battering him, the City of Warr Acres and the Warr Acres Police Department is vicariously liable for the conduct of Defendant Smith.

39. Asa direct and proximate cause of the assault and battery inflicted by all of the Defendants, the Plaintiff suffered actual physical injuries, mental and physical pain and suffering, embarrassment and humiliation, and other damages and losses as described herein entitling the Plaintiff to recover compensatory and special damages in amounts to be determined at trial.

## Second Claim for Relief
### (Excessive Use of Force Against Defendant Smith)
### (4th Amendment; 42 U.S.C. § 1983)

40. Plaintiff alleges and incorporates by reference the paragraphs set forth above as though fully set forth herein.
41. Plaintiff, as a free person, had a clearly established constitutional right under the Fourth Amendment to be secure in his person and free from unreasonable seizure through objectively unreasonable excessive force to cause her injury.
42. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.
43. As described above, at the time that the Plaintiff was injured, she was unarmed, had committed no crime, posed no immediate threat, and was not resisting the officers.

6

44. The use of such force, described above, by Defendant S m i t h under such circumstances was excessive, objectively unreasonable, contrary to training, policy, and established standards of law enforcement practice.

45. Defendant Smith seized the Plaintiff by means of objectively unreasonable, excessive physical force, thereby unreasonably restraining the Plaintiff of her freedom and causing her very serious and multiple bodily injuries, as well as mental pain and anguish.

46. The excessive use of force described herein, also involved reckless, callous and deliberate indifference to Plaintiff's federally protected rights.

47. As a direct and proximate cause of the use of excessive force, in violation of the 4th Amendment and 42 U.S.C. § 1983, by Defendant Smith, the Plaintiff suffered actual physical injuries, mental and physical pain and suffering, embarrassment and humiliation, and other damages and losses as described herein entitling the Plaintiff to recover compensatory and special damages in amounts to be determined at trial.

### Third Claim for Relief
**(Excessive Use of Force Against Defendant Smith)**
**(8th & 14th Amendment; 42 U.S.C. § 1983)**

48. Plaintiff alleges and incorporates by reference the paragraphs set forth above as though fully set forth herein.

49. Plaintiff, as a free person, was deprived without due process of her right not to be subjected to cruel and unusual punishment under the Eight and Fourteenth Amendments to the United States Constitution in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

50. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

51. As described above, at the time that the Plaintiff was injured, she was unarmed, had committed

7

no crime, posed no immediate threat, and was not resisting the officers.

52. The use of such force, the beatdown described above, by Defendant S m i t h under such circumstances was excessive, objectively unreasonable, contrary to training, policy, and established standards of law enforcement practice.

53. Defendant Smith seized the Plaintiff by means of objectively unreasonable, excessive physical force, thereby unreasonably restraining the Plaintiff of her freedom and causing her very serious and multiple bodily injuries, as well as mental pain and anguish.

54. The excessive use of force described herein, also involved reckless, callous and deliberate indifference to Plaintiff's federally protected rights.

55. As a direct and proximate cause of the use of excessive force, in violation of the 8th and 14th Amendmentand 42 U.S.C. § 1983, by Defendant Smith, the Plaintiff suffered actual physical injuries, mental and physical pain and suffering, embarrassment and humiliation, and other damages and losses as described herein entitling the Plaintiff to recover compensatory and special damages in amounts to be determined at trial.

## PUNITIVE DAMAGES

56. Plaintiffs reallege and incorporate by reference the paragraphs set forth above as though fully set forth herein.

57. The acts and omissions by Defendants as set forth in the preceding paragraphs in this Petition demonstrate that Defendants were engaged in conduct and/or practices evincing malice towards and or reckless indifference to the Plaintiff's rights.

58. As a direct and proximate result of Defendants' malice and/or reckless disregard for Plaintiff Jordaesha Burleson's rights, 42 U.S.C. § 1983 provides that exemplary and punitive damages should be awarded to Plaintiff in such amounts to be determined at trial commensurate with the financial resources available to Defendants and sufficient to deter others similarly situated from

like behavior.

59. As a direct and proximate result of Defendants' malice and/or reckless disregard for Plaintiffs rights, the Plaintiff is entitled to exemplary and punitive damages, on her claims for assault and battery and gross negligence, in such amounts to be determined at trial commensurate with the financial resources available to Defendants and sufficient to deter others similarly situated from like behavior.

**WHEREFORE,** based on the foregoing, Plaintiff Jordaesha Burleson prays that this Court grant the relief sought, including, but not limited to, actual and compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), reasonable attorney fees, and all other relief deemed appropriate by this court.

                                            Respectfully Submitted.

                                            By: _____
                                            Roderick V. Hinton, OBA# 32425
                                            Hinton Legal Group, PLLC
                                            8051 N. Classen Blvd., #F
                                            OKC, OK 73114
                                            P: (405)474-5919
                                            Email: rhinton@hintongroup.biz
                                            ***Attorney for Plaintiff***